## NANCY AMES *vs.* SAMUEL STURTEVANT, Jr.

If one seeks to justify a trespass upon land of which the plaintiff holds a deed, on the ground that the close is his own property, acquired by a levy thereon of an execution against the plaintiff's grantor, and had been fraudulently conveyed to the plaintiff, he must prove not only the issuing of the execution, the levy, and that he was a creditor, but also the rendition of a judgment upon his debt, and that the execution was issued upon the judgment so rendered.

TORT for cutting and carrying away grass from land of the plaintiff.    The defendant justified on the ground that the close

was his own property, acquired by a levy thereon of an execution against the plaintiff's grantor, who had conveyed it to the plaintiff in order to hinder, delay and defraud his creditors. A trial by jury was waived in the superior court, and, upon the facts in evidence, *Russell*, J. ruled that the plaintiff was not entitled to recover, and she alleged exceptions. The material facts are stated in the opinion.

This case was argued in writing, and decided in June 1861.

*J. Brown*, for the plaintiff.

*E. L. Barney*, for the defendant.

Hoar, J. The plaintiff proved a title to the land upon which the alleged trespass was committed, under a deed from a former owner, which certainly gave her a good title against all persons except creditors of her grantor, or subsequent purchasers. The defendant justified under a levy of an execution. But the plaintiff's title was voidable only; and the defendant, not being a purchaser, could avoid it only by showing that he was a creditor, and had taken the land in the exercise of his rights as a creditor, in the manner allowed by the law. Although the parol evidence that he had been a creditor was admissible for some purposes, it was not enough. A creditor cannot take his debtor's property except in satisfaction of his debt, and by the means which the law provides. There was no evidence that the debt which the defendant testified had been due to him was the debt for which he had obtained an execution. It therefore did not appear to be the direct foundation of his title.

The only evidence, therefore, as the exceptions show, that the defendant was a creditor, and was exercising the rights of a creditor in avoiding a fraudulent conveyance of his debtor's property, was the production of the execution and levy. We think this was insufficient. If it were evidence, it was not the best evidence; and was not all the evidence the case required. The right to take the land from the plaintiff's possession was directly in issue, and the burden of proof was upon the defendant. The plaintiff, not being a party or privy to the judgment, would have a right to impeach it. It was not shown that any judgment had been rendered upon which an execution could

lawfully issue. The judgment is the adjudication of the court upon the debt, and, where the record is accessible, the mere recitals in the writ of execution cannot be admitted as a substitute for it. The judgment itself should have been offered in evidence, as an essential part of the defendant's case. *Damon* v. *Bryant*, 2 Pick. 411. *Reed* v. *Davis*, 5 Pick. 388. 1 Greenl. Ev. § 82. *Exceptions sustained.*